IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MARCEL RENE PROVOST,

Petitioner,

v.                                                          Civil Action No. **3:18CV132**

HAROLD W. CLARKE,

Respondent.

## MEMORANDUM OPINION

Marcel Rene Provost, a Virginia state prisoner proceeding *pro se*, brings this petition

pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 3) challenging his convictions in the

Circuit Court of the City of Newport News, Virginia (hereinafter, "Circuit Court"). Respondent

moves to dismiss on the ground that the one-year statute of limitations governing federal habeas

petitions bars the § 2254 Petition. Despite the provision of notice pursuant to *Roseboro v.

Garrison*, 528 F.2d 309 (4th Cir. 1975), Provost has not responded.[1] For the reasons set forth

below, the Motion to Dismiss (ECF No. 9) will be GRANTED.

## I. PROCEDURAL HISTORY

Following a guilty plea, Provost was convicted of carnal knowledge of a minor and was

sentenced to five years with all five years suspended. (ECF No. 11–1, at 1–2.) The Circuit

Court placed him on supervised probation for five years beginning immediately on the date of

sentencing, July 18, 2007. (*Id.* at 2.) Because Provost was a citizen of Canada, the sentencing

---

[1] By Memorandum Order entered on September 6, 2018, the Court also noted that "[a]lthough
the time to file a reply has long expired, Petitioner may request leave of the Court to file a late
reply to the Motion to Dismiss." (ECF No. 18, at 1.) By Memorandum Order entered on
December 18, 2018, the Court denied Provost's letter request for an unspecified extension of
time to file a reply because he failed to follow the Court's directives and had not been diligent in
exercising his right to file a reply. (ECF No. 21.)

order authorized the transfer of his probation to Canada. (*Id.*) On August 9, 2007, the Circuit Court clarified the previous order pertaining to Provost's transfer as follows:

> The Court being advised that the defendant's transfer of probation to Canada may not be possible and all evidence and arguments heard, the Court orders the defendant to remain under current probation supervision and to abide by the recommendations and direction of the Probation Officer. The defendant is to remain in the United States until all details are completed for transfer of the defendant's probation to Canada. The motion of defendant by counsel, for the Court to allow the defendant to return to Canada on a temporary pass is denied.

(ECF No. 11–2, at 1.) Provost appeared in the Circuit Court for the motion hearing and was advised of this change. (*Id.*) On August 16, 2007, the probation office filed a Major Violation Report indicating that Provost failed to report to probation several times in August, failed to register as a sex offender, and ultimately indicating that Provost had absconded and moved to Canada. (ECF No. 11–3, at 1–2.) On August 22, 2007, the Circuit Court issued a capias for his arrest. (ECF No. 11–4, at 1.) Provost was arrested in 2014 and, after challenging his extradition in Canada for two years, he was extradited to Virginia in 2016. (ECF No. 11–5, at 1.)

On February 26, 2016, the Circuit Court held a revocation hearing, found Provost guilty of violating the terms of his suspended sentence and release, and sentenced him to the originally suspended five-year sentence. (ECF No. 11–6, at 1.) On March 21, 2016, Provost noted his appeal to the Court of Appeals of Virginia. (*See* ECF No. 11–7, at 1.) On May 18, 2016, the Court of Appeals of Virginia granted his motion to withdraw his appeal. (*Id.*)

On March 23, 2017, Provost filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. (*See* ECF No. 11–8, at 1.) On October 19, 2017, the Supreme Court of Virginia dismissed his habeas petition as untimely under Va. Code Ann. 8.01–654(A)(2) (West 2018). (*Id.* at 1–2.)

On February 21, 2018, Provost filed his initial § 2254 petition with this Court.[2]  By Memorandum Order entered on March 15, 2018, the Court directed Provost to file his § 2254 petition on standardized forms and noted that the new § 2254 petition would supplant the previously filed petition. (ECF No. 2.)  Provost complied with that directive. (ECF No. 3.)  In his § 2254 Petition, Provost asserts the following claims for relief:

| Claim One: | "Probation was given unlawfully to a foreign resident in the original sentence in 2007." (§ 2254 Pet. 5.)[3] |
|---|---|
| Claim Two: | "Ineffective assistance of counsel.  Counsel did not bother to verify facts." (*Id.* at 7.) |
| Claim Three: | "Error in the criminal code associated with Petitioner's case was not corrected until after all legal proceedings were completed." (*Id.* at 8.) |
| Claim Four: | "Prior approval from immigration officials [] was not considered in the original case in 2006/2007 to authorize the Court to sentence probation to a foreigner." (*Id.* at 10.) |

## II. ANALYSIS

### A.   Statute of Limitations

Respondent contends that the federal statute of limitations bars Provost's claims.  Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  Specifically, 28 U.S.C. § 2244(d) now reads:

---

[2] This is the date that Provost states that his § 2254 Petition was deposited in the prison mailing system (*see* ECF No. 1, at 27), and the Court deems this as the date the § 2254 Petition was filed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[3] The Court corrects the capitalization and punctuation and omits any emphasis in the quotations from Provost's submissions.  The Court employs the pagination assigned by the CM/ECF docketing system for citations to Provost's submissions.

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## B.    Commencement and Running of the Statute of Limitations

Provost's conviction became final on May 18, 2016 when the Court of Appeals of Virginia granted his motion to withdraw his appeal. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))).[4] The limitation period began to run on Thursday, May 19, 2016 and, as explained below, continued to run for 643 days until he filed his initial § 2254 petition on February 21, 2018. *See* 28 U.S.C. § 2244(d)(2).

---

[4] For Claims One, Two, and Four, it appears that Provost is truly challenging his underlying conviction on July 18, 2007. The statute of limitations would have commenced in August of 2007 and expired in August of 2008. Nevertheless, because Provost's § 2254 Petition is untimely using the May 18, 2016 date, the Court simply uses that later date.

## C.    No Entitlement to Statutory Tolling

To qualify for statutory tolling, an action must be a (1) properly filed (2) post-conviction or other collateral review of (3) the pertinent judgment. 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These rules and laws "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* (footnote omitted) (citing cases).

The Supreme Court of Virginia dismissed Provost's habeas petition as untimely filed. (*See* ECF No. 11–8, at 1–2.) A petition that is denied by a state court as untimely is not "properly filed" within the meaning of the AEDPA. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (citation omitted) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."). Because Provost's habeas petition was not properly filed, he lacks entitlement to statutory tolling for the period in which he pursued his untimely habeas petition in the Supreme Court of Virginia.

Accordingly, the limitation period began to run on May 19, 2016, and Provost had until May 19, 2017 to file his federal habeas petition. Provost failed to file his federal habeas petition until February 21, 2018, nine months after the limitation period expired. Thus, Provost's § 2254 Petition is barred from review here unless Provost demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C § 2244(d)(1)(B)-(D) or some equitable exception to the limitation period. Under the "TIMELINESS OF PETITION" section of his § 2254 Petition, Provost argues that his petition is "timely filed." (§ 2254 Pet. 13.) However, in the body of his § 2254 Petition under the section for exhaustion, Provost indicates that, "the institutional attorney has refused to help" him, he has been "denied access to [a] treaty" (*id.* at 5),

and that the "[t]he regular library and law library . . . ha[ve] denied any assistance to obtaining any legal material that would assist the petitioner in his arguments supporting these and other claims." (*Id.* at 11.) Provost also claims that he only learned of the factual predicate for Claim Three on June 7, 2016. (*Id.* at 8.) The Court generously construes Provost to argue that: (1) he is entitled to a belated commencement of the limitations period for Claim Three; and, (2) his § 2254 Petition is timely because the limitation period should be equitably tolled due to lack of access to and assistance from the law library and institutional attorney. As explained below, Provost's arguments are not persuasive.

**D.    Belated Commencement for Claim Three**

In conjunction with Claim Three, Provost indicates that he learned of the alleged error in his Legal Update Sheet on June 7, 2016. (§ 2254 Pet. 8.) Thus, the Court construes Provost to argue that he is entitled to a belated commencement of the limitation period until "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Assuming that Provost only learned of the factual predicate for Claim Three on June 7, 2016, Provost would have had one year, or until June 7, 2017, to file a § 2254 petition raising this claim. Provost failed to file his § 2254 Petition until February 21, 2018. Thus, even with a belated commencement of the limitation period for Claim Three, it remains untimely filed.[5]

---

[5] Provost does not argue that he is entitled to a belated commencement for his remaining claims. Even if the Court construed Provost to make the argument that his petition is timely under 28 U.S.C. § 2244(d)(1)(B), due to a state-created impediment "in violation of the Constitution or the laws of the United States," this argument would fail. To delay the running of the statute of limitations, § 2244(d)(1)(B) requires: (1) state action that both (2) violated the Constitution or laws of the United States and (3) prevented the prisoner from filing a habeas petition. *Ocon-Parada v. Young*, No. 3:09cv87, 2010 WL 2928590, at *2 (E.D. Va. July 23, 2010) (citing *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1331–32 (11th Cir. 2008)). First, the institution's denial of his request for legal assistance or the law library does not amount to a state-created impediment in violation of federal laws. *See id.* at *4 (citation omitted) (explaining that failure

6

### E.    Equitable Tolling

The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Generally, the petitioner is obliged to specify "the steps he took to diligently pursue his federal claims." *Id.* at 930 (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). As explained below, Provost has not demonstrated that an extraordinary circumstance prevented him from filing his § 2254 Petition in a timely manner. *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (observing that a petitioner is required "to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding

---

to provide legal assistance for inmates does not violate the constitution because no right to counsel exists in either state or federal habeas); *Engel v. Clarke*, No. 3:12CV586, 2014 WL 2157616, at *4 (E.D. Va. May 23, 2014) (internal quotation marks omitted) (citations omitted) (explaining that no "abstract, freestanding right to a law library or legal assistance exists;" thus, an inmate must show that the lack of either violated his constitutional right to access to the courts). Second, Provost fails to demonstrate that his failure to access the law library or receive a copy of a treaty prevented him from timely filing his federal petition. Provost fails to explain with specificity how any alleged deficiencies actually hindered his efforts to pursue his claims within the statute of limitations. *See Mayes v. Province*, 376 F. App'x 815, 816–17 (10th Cir. 2010) (citations omitted); *accord Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007); *Potter v. United States*, Nos. 1:03cr595, 1:06cv157, 2007 WL 749674, at *4 (E.D.Va. Mar. 5, 2007) (citation omitted) (rejecting petitioner's claims that his placement in a holding facility for four months and his subsequent relocation to an institution with no access to legal materials or jailhouse lawyers constituted an unconstitutional government-created impediment).

the extraordinary circumstances" (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Fisher v. Johnson*, 174 F.3d 710, 716 (5th Cir. 1999))).

Because Provost is not entitled to statutory tolling, he was required to file his § 2254 Petition by Friday, May 19, 2017. Provost fails to state what actions, if any, he took to pursue his federal claims between his conviction becoming final in state court and May 19, 2017. This alone forecloses Provost's entitlement to equitable tolling. *Yang*, 525 F.3d at 930 (citation omitted); *Roberts v. Watson*, 697 F. Supp. 2d 646, 653 (E.D. Va. 2010) ("Unexplained delays in filing petitions do not demonstrate diligence on the part of petitioner in pursuing his rights." (citing *Pace*, 544 U.S. at 419; *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001))).

Next, Provost fails to demonstrate the existence of an extraordinary circumstance that prevented him from timely filing his § 2254 Petition. To the extent that Provost suggests that he was not permitted legal assistance or legal library materials, the mere absence of legal assistance is not an extraordinary circumstance. *See Ocon-Parada*, 2010 WL 2928590, at *8 (citations omitted). Moreover, generally, "[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances." *Allen v. Johnson*, 602 F. Supp. 2d 724, 727–28 (E.D. Va. 2009) (alteration in original) (footnote omitted) (quoting *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)).

Finally, Provost fails to allege specific facts showing that a lack of access to the law library, legal assistance, or legal materials prevented him from timely filing his § 2254 Petition. *See O'Neill v. Dir., Va. Dep't of Corr.*, No. 3:10cv157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011) (citing cases). The claims in his § 2254 Petition are nearly identical to the claims he raised in his state habeas petition which he prepared and filed on March 23, 2017, well within the federal limitations period. Provost provides no explanation as to what more he needed and did

8

not have that prevented him from timely filing his § 2254 Petition. Provost fails to explain with specificity how any of the alleged deficiencies actually hindered his efforts to pursue his federal claims within the statute of limitations. "Simply put, [Provost] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion." *O'Neill*, 2011 WL 3489624, at *6; *cf. Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).

Because Provost fails to demonstrate that some extraordinary circumstance, rather than his own lack of diligence, prevented him from filing in a timely manner, the statute of limitations bars the § 2254 Petition.

## III.   CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 9) will be GRANTED. Provost's § 2254 Petition will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[6]

An appropriate Final Order shall issue.

/s/

Roderick C. Young
United States Magistrate Judge

Date:   December 19, 2018
Richmond, Virginia

---

[6] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Provost fails to meet this standard.

9